ROBB, Judge,
dissenting.
Because I disagree with several facets of the majority opinion, I respectfully dissent.
I begin by noting several additional facts and circumstances I find relevant. When Downey was arrested in 2011, Clark County had a Circuit Court with one judge and three Superior Courts, each with one judge. Ind.Code §§ 33-33-10-1 et seq. (2011). Downey was charged in Circuit Court on August 23, 2011. Despite that already-existing case, when the State sought to transfer the funds seized during Downey’s arrest to the United States government in September of 2011, it prepared a motion and proposed order with no caption, referencing Downey only in the body of the motion. An Indiana State Police detective took the motion to the Clark County Clerk’s Office where he was given a Superior Three cause number. However, he took the motion to Judge Vicki Carmichael, who was the judge of Superior One, and she signed the order, which stated:
The Court being duly advised in the premises now grants said motion [to transfer possession of the funds], and, pursuant to Indiana Code 34-24-l-9(a), hereby relinquishes jurisdiction over the subject property and orders the Indiana State Police to transfer possession of the property to the Drug Enforcement Administration for forfeiture proceedings in keeping with federal law.
Appendix of Appellant at 47. Downey received no notice of the motion or the order, which Judge Carmichael signed without a hearing the same day it was filed. There is no indication in the record Judge Carmichael was sitting as the judge of Superior Three on that date.
Effective January 1, 2012, the Clark County courts underwent a reorganization. The Clark Superior Courts were abolished, P.L. 201-2011 § 116(c), and the Clark Circuit Court became “a court of general jurisdiction with four (4) judges.” Ind.Code § 33-33-10-2.5(a). Pre-2012 Clark Circuit Court became Circuit Court Division One, Superior One became Circuit Court Division Four, Superior Two became Circuit Court Division Two, and Superior Three became Circuit Court Division Three. See Ind. Administrative Rule 8(B)(1). Beginning in November 2012, Downey began seeking release of the funds in his criminal case in now-Division *817 One of Circuit Court. Division One granted Downey’s motion for release of property and also granted his subsequent motion to compel release of property. At that time, neither Downey nor Division One had any knowledge of the transfer order that had been issued over a year before. In April of 2018, Downey filed a motion for rule to show cause because the State had not complied with Division One’s orders regarding the funds. It was not until shortly before a hearing on that motion in June of 2013 that Downey’s defense counsel, with the aid of the deputy prosecuting attorney, was able to track down the transfer order and learn that the funds had been transferred to the federal government pursuant to an order issued nearly two years earlier under a then-Superior Three (now Division Three) cause number and signed by the then-Superior One (now Di-vision Four) judge. Division One held several hearings in an effort to reconstruct the record as to the disposition of the funds, after which the court issued the order which is the subject of this appeal granting Downey’s motion to set aside the original Superior Three/Division Three order granting the motion to transfer.
As the majority notes, the State argues on appeal that Division One lacked authority to set aside Division Three’s transfer order.[3] Op. at 814-15; Amended Brief of Appellant at 7-8. The majority acknowledges the reorganization of the Clark County courts, but states that “absent relevant authority indicating otherwise, we must treat the courts as the separate courts they were at the time the underlying proceedings were filed.” Op. at 815. I do agree that the case law cited by the majority as well as the way the organizational statutes were written pre-2012 support the notion that in 2011, the Circuit Court in which Downey was charged and the Superior Court which issued the transfer order were separate courts. I can only assume, however, that the legislature’s reorganization of the Clark County courts into one circuit court with four divisions was done with a purpose and that the multiple divisions of the circuit court are not now to be treated the same as the separate circuit and superior courts were previously. Throughout Indiana Code chapter 33-83-10 regarding the reorganized court system in Clark County, the singular term “court” is repeatedly used. See, e.g., Ind.Code § 33-33-10-2.5(a) (“The Clark circuit court is a court of general jurisdiction with four (4) judges.... Clark County constitutes the judicial district of the court and each of the court’s divisions.”); Ind.Code § 33-33-10-2.5(b) (“The assignment of judges of the circuit court to the dockets specified in subsection (a) must be by rule of the circuit court ”). Prior to 2012, the statutes separately addressed the Circuit Court and the Superior Courts and also referred to the Superior Courts in the plural. See, e.g., Ind.Code § 33-33-10-3 (2011) (“There are established three (3) superior courts in Clark County, each of which consists of one (1) judge....”). I see no particular reason not to begin recognizing this change as of the date it was effective, rather than looking back to the date of filing. Accordingly, *818 I do not believe Division One abused its discretion in setting aside the order of Division Three.
Moreover, even if I were to accept the majority’s premise that we must treat the courts as they existed when the case was filed, I would still disagree with the result. The Circuit Court had jurisdiction over the criminal case against Downey, and therefore, over the evidence relevant to that case. Yet, the State did not seek transfer of that evidence in the Circuit Court. Instead, it filed the motion in Superior Three, but took the motion to the Superior One judge for signature. If one court cannot control the processes of any other court of equal jurisdiction, then neither the Superior Three court nor the Superior One judge should have been issuing orders affecting a Circuit Court case. To the extent the distinction between the courts was important prior to reorganization or remains important now, the State itself did not hold the distinction in high regard and treated the courts even when they were separate as if they were interchangeable, filing the motion to transfer funds relating to a circuit court criminal case in one superior court and obtaining a signature on the order from the judge of an entirely different superior court. Accordingly, I also do not agree with the majority that Downey must challenge the transfer order only in Division Three if at all. See op. at 816. Even if that was the case, however, I question how he could do so when he was not even aware there was a transfer order out of Division Three until nearly two years after it was issued. Likewise, I do not agree with the majority that Downey’s request is moot. The money still exists even if it is no longer in the State’s immediate possession. That the State may need to recover it from the federal government or take other action to provide the relief the court ordered does not make this issue moot.
I would affirm the judgment of the trial court.

. If the State made this argument to the trial court at all, it was brief and tangential to the substance of its briefing and argument at the hearings that the transfer order was proper and any challenge thereto should be made in federal court in the forfeiture action. See Appendix of the Appellant at 62 (State’s Brief Supporting Turnover of Monies to the Drag Enforcement Administration) and 80 (State’s Memorandum Supporting the Indiana State Police Turnover of $8,765 U.S. Currency to the Drag Enforcement Administration for Federal Forfeiture Proceedings). Nonetheless, Downey does not contest the State’s right to raise that issue on appeal.